RECORD NO. 13-4592

# IN THE
# 𝖀nited 𝖘tates 𝕮ourt of 𝕬ppeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSE JOAQUIN MORALES,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

(The Honorable Roger W. Titus, Distric Courtt Judge)

**OPENING BRIEF OF APPELLANT
JOSE JOAQUIN MORALES**

Gary E. Proctor
LAW OFFICES OF
  GARY E. PROCTOR, LLC
8 East Mulberry Street
Baltimore, Maryland 21202
(410) 444-1500 Telephone
(866) 230-4455 Facsimile
gary_proctor@verizon.net

*Counsel for Appellant*                    October 28, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES........................................................................ iii

STATEMENT OF SUBJECT MATTER JURISDICTION AND
BASIS FOR APPELLATE JURISDICTION ............................................1

STATEMENT OF THE ISSUES ..............................................................1

STATEMENT OF THE CASE ...................................................................2

STATEMENT OF FACTS ..........................................................................2

SUMMARY OF THE ARGUMENT ........................................................6

ARGUMENT ..............................................................................................6

I.      WHETHER THE 262-MONTH SENTENCE IMPOSED BY THE
        DISTRICT COURT WAS SUBSTANTIVELY UNREASONABLE ............6

        A.      STANDARD OF REVIEW .................................................6

        B.      THE SENTENCE WAS SUBSTANTIVELY UNREASONABLE......7

        C.      THE SENTENCE WAS FAR GREATER THAN NECESSARY
                UNDER 18 U.S.C. § 3553(A) BECAUSE IT WAS OVERLY
                PUNITIVE, TOOK NO CONSIDERATION OF APPELLANT'S
                TORTURED  UPBRINGING,  DIMINISHED  PUBLIC
                RESPECT FOR THE LAW, PROVIDED NO DETERRENT
                EFFECT, OFFERED NO PUBLIC SAFETY BENEFIT, AND
                IMPEDED MR.MORALES' VOCATIONAL GOALS .....................12

II.     WHETHER MR. MORALES' SENTENCE IS PROCEDURALLY
        UNREASONABLE BECAUSE THE DISTRICT COURT FAILED TO
        ADDRESS SPECIFIC SENTENCING FACTORS RAISED BY
        DEFENSE COUNSEL UNDER 18 U.S.C. § 3553(A) AND FAILED
        TO OTHERWISE EXPLAIN HOW THE SENTENCE COMPLIED
        WITH § 3553(A) ...........................................................................14

A.    STANDARD OF REVIEW ...............................................14

B.    THE DISTRICT COURT FAILED TO ADDRESS SPECIFIC §
3553(A) FACTORS ARTICULATED BY DEFENSE COUNSEL....15

CONCLUSION ........................................................................18

REQUEST FOR ORAL ARGUMENT ....................................................19

CERTIFICATE OF COMPLIANCE WITH TYPEFACE
AND LENGTH LIMITATIONS ...........................................................20

CERTIFICATE OF SERVICE ...............................................................21

# TABLE OF AUTHORITIES

## CASES

Page

*Gall v. United States*,
    552 U.S 38 (2007)..........................................................................10

*Kimbrough v. United States*,
    552 U.S. 85 (2007).........................................................................11

*Nelson v. United States*,
    555 U.S. 350 (2009).....................................................................9, 10

*Rita v. United States*,
    551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) ........9, 10, 15, 17, 18

*United States v. Allen*,
    491 F.3d 178 (4th Cir. 2007) ...........................................................9

*United States v. Blakeney*,
    11-4545, 2012 U.S. App. LEXIS 25590 (4th Cir. Dec. 13, 2012)...................7

*United States v. Booker*,
    543 U.S. 220 (2005)....................................................................7, 14

*United States v. Carty*,
    453 F.3d 1214 (9th Cir. 2006) .......................................................17

*United States v. Chavez*,
    611 F.3d 1006 (9th Cir. 2010) ......................................................11

*United States v. Cunningham*,
    429 F.3d 673 (7th Cir. 2005) ........................................................16

*United States v. Hall*,
    473 F.2d 1295 (10th Cir. 2007) .....................................................17

*United States v. Jackson*,
    408 F.3d 301 (6th Cir. 2005) ........................................................16

*United States v. Johnson*,
    635 F.3d 983 (7th Cir. 2011) ..........................................................................11

*United States v. Martinez-Barragan*,
    545 F.3d 894 (10th Cir. 2008) ........................................................................12

*United States v. Mendoza-Mendoza*,
    597 F.3d 212 (4th Cir. 2010) ............................................................................7

*United States v. Montes-Pineda*,
    445 F.3d 375 (4th Cir. 2006) ........................................................15, 16, 17, 18

*United States v. Moreland*,
    437 F.3d 424 (4th Cir. 2006) ..........................................................................14

*United States v. Olhovsky*,
    562 F.3d 530 (3rd Cir. 2009) ..........................................................................11

*United States v. Raphel Smith*,
    2013 WL 5509629 (4th Cir. 10/7/13) ..............................................................16

*United States v. Rivera*,
    439 F.3d 446 (8th Cir. 2006) ..........................................................................17

*United States v. Rodrguez*,
    527 F.3d 221 (1st Cir. 2008)............................................................................11

*United States v. Sanchez-Juarez*,
    446 F.3d 1109 (10th Cir. 2006) ..................................................................16, 17

*United States v. Williams*,
432 F.3d 621 (6th Cir. 2005) ..............................................................................16

## STATUTES

18 U.S.C. § 3231 ....................................................................................................1
18 U.S.C. § 3553(a) ..............................................1, 7, 9, 10, 11, 12, 14, 15, 16, 18
18 U.S.C. § 3553(a)(2)...........................................................5, 10, 11, 12, 13
21 U.S.C. § 841 .....................................................................................................3
21 U.S.C. § 841(b)(1)(C) .......................................................................................3

21 U.S.C. § 846............................................................................................2

21 U.S.C. § 851............................................................................................3

28 U.S.C. § 1291..........................................................................................1

**UNRECOGNIZED**

U.S.S.G. § 3B1.4.........................................................................................4

## STATEMENT OF SUBJECT MATTER JURISDICTION AND BASIS FOR APPELLATE JURISDICTION

Jose Morales (hereafter "Appellant") appeals from the final judgment of conviction and sentence from the United States District Court for the District of Maryland. The United States District Court for the District of Maryland was the court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. On August 28, 2013, the district court entered a judgment of conviction against Appellant, and a timely Notice of Appeal was filed on August 8, 2013.

The United States Court of Appeals for the Fourth Circuit has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

I. WHETHER THE 262-MONTH SENTENCE IMPOSED BY THE DISTRICT COURT WAS SUBSTANTIVELY UNREASONABLE

II. WHETHER MR. MORALES' SENTENCE IS PROCEDURALLY UNREASONABLE BECAUSE THE DISTRICT COURT FAILED TO ADDRESS SPECIFIC SENTENCING FACTORS RAISED BY DEFENSE COUNSEL UNDER 18 U.S.C. § 3553(A) AND FAILED TO OTHERWISE EXPLAIN HOW THE SENTENCE COMPLIED WITH § 3553(A).

## STATEMENT OF THE CASE

Appellant was charged by Indictment in Count One of Conspiracy to Distribute a detectable amount of heroin, in violation of 21 U.S.C. § 846, and, in Count Two, Conspiracy to Distribute a detectable amount of marijuana, in violation of 21 U.S.C. § 846.

Appellant was arraigned on November 8, 2011 and pled not guilty. On February 1, 2013 Appellant was rearraigned whereupon, he entered a plea of guilty to Counts 1 and 2. On August 1, 2013 he was sentenced to 262 months as to Count 1, with 120 months concurrent as to Count 2. This timely appeal follows.

## STATEMENT OF FACTS

Terri Sadler, who was also indicted as a co-defendant in this case, had a long term relationship with the defendant, and was mother to one of his children. J.A. 56. The conspiracy in this case involved the smuggling of heroin and marijuana into U.S.P. Canaan (hereafter "the Facility"). Beginning in April of 2010, Appellant called Ms. Sadler to arrange for her to obtain heroin that she would transfer into the Facility. Id. Appellant introduced her to a female living in Baltimore City to obtain heroin from. Id. Sadler and Appellant discussed the fact that Sadler had obtained the heroin from the female during prison calls, with Sadler relating that "it was huge," the size of "about a bouncing ball," was "bigger than a big jaw breaker and was wrapped in black." Id. Appellant instructed Sadler to open the package and make a "couple of them." Sadler later visited Appellant after

obtaining the heroin and distributed it to him in the visitor room at USP Canaan by kissing him and transferring the heroin packages from her mouth to Morales' mouth.

On September 23, 2010, the D.E.A. executed a search and seizure warrant at Ms. Sadler's home in Hanover, Pennsylvania. J.A. 57.  The heroin that Sadler had obtained was hidden in a box in Sadler's closet, together with white balloons. Prior to this, Appellant had told Sadler during prison calls to package the heroin in "white containers" so the packages "won't get wet." Id.

In another instance Appellant told a second person that the heroin has "got to be raw," and to compress it inside a balloon.  J.A. 58.

Initially, Count 1, because no quantity was specified, meant that Appellant upon conviction could "be sentenced to a term of imprisonment of not more than 20 years." 21 U.S.C. § 841.  However, on January 18, 2013 the Government filed a Notice pursuant to 21 U.S.C. § 851 of an intent to rely upon a prior conviction, meaning that Mr. Morales faced a "term of imprisonment of not more than 30 years." 21 U.S.C.A. § 841(b)(1)(C). J.A. 13.

Appellant pled to the indictment, without a plea agreement.  As such, there are no limitations or curtailments on the instant appeal.  Appellant pled to the indictment because no plea offer was ever made.  J.A. 190.

At the time of sentencing, there were a number of Guideline factors in dispute.  Ultimately, none of them was dispositive to the applicable Guideline

Range as Mr. Morales was determined (without objection) to be a Career Offender.

For example, the quantity was disputed. Terri Sadler testified that she only brought heroin in for Mr. Morales once, in May 2010. J.A. 104. In addition, the Government sought a sentencing enhancement under U.S.S.G. § 3B1.4 for use of a minor, but Ms. Sadler testified that the minor was brought to the jail purely because the date coincided with "[Morales'] birthday." J.A. 106. Ms. Sadler, who signed a cooperation plea with the Government, testified that there was no connection between the visit of Appellant's daughter and the drug smuggling. Id. On cross, it was established that the smuggling of contraband occurred on a date a few weeks earlier. J.A. 118. Ultimately, the district court found the enhancement but, as stated above, it all mattered for naught as the Career Offender Guideline drove the calculation. J.A. 167; J.A. 182.

By the same token, an objection to the quantity by Appellant was overruled and the district court found the quantity foreseeable to Mr. Morales as equivalent to 40 to 60 kilograms of marijuana. J.A. 175.

The remaining issue that was litigated was acceptance of responsibility. J.A. 183. The Government believed it should not be awarded, the defense felt it should. The district court ultimately awarded Appellant two (2) levels for acceptance of responsibility. J.A. 188. As such, the applicable Guideline range was 210-262. J.A. 188.

4

With regard to the 3553(a) arguments, Appellant incorporated his arguments made to the Department of Justice with regard to a separate case, also before the district court, in which he was death eligible.  J.A. 21 *et seq.*.  He argued that, despite the fact that a timely notice of intent to plead guilty was made, the Government nevertheless filed an 851 notice.  J.A. 13; J.A. 190.

Appellant also argued that the quantity found by the district court was 43 grams of heroin.  That equated to approximately 3 tablespoons.  J.A. 190.  As Appellant was at the time of sentencing 37 years old, and already serving a sentence of 22 years, a sentence within the Guidelines amounted to "effectively a life sentence."  Id.  Appellant requested a sentence of 188 months.  J.A. 191.

The Government requested a sentence of 27 years imprisonment.  J.A. 193. As such, they requested an "upward variance."  J.A. 196.

The Court then addressed the sentencing factors of 18 U.S.C. § 3553(a)(2). It found the seriousness "hard to overstate."  J.A. 203.  With regard to the "history and characteristics of the defendant", the district court stated with regard to this issue that:

> The history and characteristics of the defendant, I will not go into all of the matters set forth in the submission made by the defense. I think the short version of it is that this gentleman had a very troubled childhood and I would not wish that on anyone. But the history of him as a criminal is what I need to focus on, not his history in his childhood. That childhood history may have led him into a life of crime, but he has indeed led a life of crime. And it is a life of crime that is so extensive and so clearly indicative of not being deterred by earlier sentences, not showing respect for the law and engaging in criminal activity over and over and over again, including engaging in

5

criminal activity while incarcerated. So it is a very ugly picture that the Court confronts in making a determination of the appropriate sentence.

J.A. 203-204.

The district court ultimately sentenced Mr. Morales to a sentence within the Guidelines, but only at the very top end of them, 262 months. J.A. 207; 232. The sentence on Count 2 of the indictment was 120 months, concurrently with count 1. Id. But both sentences were consecutive to the 262 month Appellant was already serving. Id.

This timely appeal follows.

## SUMMARY OF THE ARGUMENT

Mr. Morales's sentence is both procedurally and substantively unreasonable. The district court sentenced Appellant to what is effectively a life sentence for 3 tablespoons of heroin.

In doing so, the district court all but ignored a mountain of mitigation that was amassed and presented at sentencing in this matter.

## ARGUMENT

I.    **THE 262-MONTH SENTENCE IMPOSED BY THE DISTRICT COURT WAS SUBSTANTIVELY UNREASONABLE**

A.    **STANDARD OF REVIEW**

In reviewing the substantive reasonableness of the sentence, an appellate court examines the totality of the circumstances to see whether the district judge

6

abused his or her discretion in concluding that the chosen sentence satisfied the standards set forth in § 3553(a). *See United States v. Mendoza–Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

## B.    THE SENTENCE WAS SUBSTANTIVELY UNREASONABLE.

Respectfully, this Court:

> cannot lose sight that appellate review of sentencing is becoming "a mere formality, used by busy appellate judges only  to ensure that busy district judges say all the right things when they explain how they have exercised" their discretion. *Booker, 543 U.S. at 313* (Scalia, J., dissenting). Going forward, district courts must be wary of departure, ensuring that non-guideline sentences are "sufficient, but not greater than necessary" to satisfy the purposes of *§ 3553(a)(2)*. In the same vein, our review must be given teeth to ensure that the discretion of district court judges -- which is not absolute -- remains subject to meaningful appellate review.

*United States v. Blakeney*, 11-4545, 2012 U.S. App. LEXIS 25590 (4th Cir. Dec. 13, 2012) (citing *United States v. Booker*, 543 U.S. 220 (2005)) (Judge Gregory concurring).

Mr. Morales requested an individualized sentence under § 3553. Uncontradicted evidence was provided to the district court that:Mental health as well as chronic substance abuse on one side of the family is rampant.  One of Appellant's uncles remains in a mental institution in Bogota.

1.    Even before he was born, Appellant's mother slit her wrists and attempted to kill herself. She required skin grafts and many stitches afterwards.

2.    Appellant's father would capriciously beat any family member for little or no reason.  Because Appellant was his only son, he received the worst of the

7

abuse. When Appellant failed a grade, he was beaten so severely that he was unable to move. Family members recall him sitting in a bath of ice, bloody. They recollect him being so scared that he vomited on himself.

3.    On one occasion Appellant was sent to Colombia because his father feared the bruises would be noticed by the U.S. Authorities. His father therefore sought to avoid prosecution by sending his child out of the country. Family members recalled almost daily beatings. With fists, belts, switches, furniture, whatever was close at hand. On one occasion, the rice was not cooked properly, so his mother was beaten and her jaw broken.

4.    To a lesser degree of severity, but with no less regularity, Appellant was also beaten by his mother. She required no rhyme nor reason to beat him. With symptoms of O.C.D., anything could set her off, a sock drawer not being fully closed, or dishes not being properly cleaned. Appellant would often try to provoke beatings from his parents, in the hope of diverting attention from his younger sisters, and sparing them the shoe, the belt, or the extension cord.

5.    On top of this, there is a documented a history of head trauma to Appellant. Some at the hands of his parents, some from dirt bike accidents and other falls.

6.    Not surprisingly, this led to self-medicating and risk taking which, in turn, landed Appellant in Department of Juvenile Services' custody. Said

facilities were horrific places that have since been closed down.

7.   When Appellant's mother and father split up, his mother tried to set herself on fire. Family members recall coming home to find their mother doused in petrol, attempting to strike a match.   Such was the level of dysfunction in the family.

8.   When he was approximately 17, Appellant tried to commit suicide.   The purported catalyst was breaking up with his girlfriend, but it is beyond dispute that the trauma he experienced from those in whose care he was entrusted  also contributed to his desire to take  his life.  He took a panoply of pills, had his stomach pumped, and spent several days in hospital.

9.   Mental health dysfunction is present in all five siblings.

J.A. 21 *et seq.* (accord J.A. 256 *et seq.*)

Appellant concedes that this Court presumes on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007); see *Rita v. United States*, 551 U.S. 338, 346-56, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). The Supreme Court, however, has made clear that the Guidelines cannot be used as a proxy for a district court's own independent assessment of a just sentence based upon the statutory sentencing factors set forth at 18 U.S.C. § 3553(a).  *See Nelson v. United States*, 555 U.S. 350, 352 (2009) ("Our cases do not allow a sentencing court to presume that a sentence

within the applicable Guidelines range is reasonable.").

Accordingly, a district court commits legal error by using a Guidelines range as a default sentence to be imposed, when a sentence within that range is greater than necessary to satisfy the factors delineated in § 3553(a). *See* id. ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to [the defendant's Guidelines range. Under our recent precedents, this constitutes error.") (Emphasis in original); *see also Rita*, 551 U.S. at 351 ("In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply."); *Gall*, 552 U.S. at 50 (district court "may not presume that the Guidelines range is reasonable").

In sentencing Mr. Morales to an 262 month term of imprisonment, the district court violated the overriding principle and fundamental mandate of 18 U.S.C. § 3553(a), which demands that a district court impose a sentence "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense); deterrence; incapacitation (to protect the public from further crimes); and rehabilitation (to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner)

10

(emphasis added).

This "parsimony provision" – the sufficient-but-not-greater-than-necessary requirement – is not just another factor to be considered under § 3553(a); rather, it sets a statutory limit on the length of a sentence that may be reasonably imposed. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (referring to the parsimony clause as the "overarching provision" of § 3553(a)); *United States v. Johnson*, 635 F.3d 983, 988 (7th Cir. 2011) ("[T]o ensure that the [district] court avoided a simple presumption that a within-Guidelines sentence was reasonable, we also must be able to infer that the court, in exercising its discretion, determined that the sentence conformed with the parsimony principle of § 3553(a): The sentence must be 'sufficient, but not greater than necessary, to comply with' the sentencing purposes set forth in § 3553(a)(2).") (citations and footnote omitted); *United States v. Chavez*, 611 F.3d 1006, 1010 (9th Cir. 2010) ("The parsimony clause . . . is a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress."); *United States v. Olhovsky*, 562 F.3d 530, 548 (3rd Cir. 2009) (vacating defendant's sentence, and emphasizing that it "is simply not adequate to ignore the demand of parsimony that is the 'overarching instruction' of the congressionally mandated sentencing factors"); *United States v. Rodríguez*, 527 F.3d 221, 227-28 (1st Cir. 2008) (describing § 3553(a) as a "tapestry of factors, through which runs the thread of an

11

overarching [parsimony] principle" that instructs district courts to impose a sentence sufficient, but not greater than necessary, to accomplish the goals of sentencing); *United States v. Martinez-Barragan*, 545 F.3d 894, 904 (10th Cir. 2008) ("When crafting a sentence, the district court must be guided by the 'parsimony principle' – that the sentence be 'sufficient, but not greater than necessary, to comply with the purposes' of criminal punishment, as expressed in § 3553(a)(2). . . . [While,] in any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range[,] . . . a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).") (citations and quotations omitted).

Here, the district court clearly failed to take into account the wealth of mitigation outlined *supra*. There is no mention of Appellant's troubled childhood. Had the court below considered said factors, it should be clearly that the sentence was far greater than necessary to achieve the goals of sentencing.

**C.    THE SENTENCE WAS FAR GREATER THAN NECESSARY UNDER 18 U.S.C. § 3553(A) BECAUSE IT WAS OVERLY PUNITIVE, TOOK NO CONSIDERATION OF APPELLANT'S TORTURED UPBRINGING, DIMINISHED PUBLIC RESPECT FOR THE LAW, PROVIDED NO DETERRENT EFFECT, OFFERED NO PUBLIC SAFETY BENEFIT, AND IMPEDED MR. MORALES' VOCATIONAL GOALS.**

Section 3553(a) requires district courts to select a sentence that is sufficient, but not greater than necessary, to satisfy the following goals of sentencing:  (I) the

need to reflect the seriousness of the offense; (ii) the need to promote respect for the law; (iii) the need to provide just punishment; (iv) the need to provide adequate deterrence; (v) the need to protect the public; and (vi) the need to effectively provide the defendant with educational or vocational training.  18 U.S.C. § 3553(a)(2).

In the instant case, the 262 month sentence was greater than necessary to achieve these purposes. Simply put, the court below entirely ignored the troubled upbringing that Appellant endured.  Of the points (1) through (10) listed above, the court made mention of none of them.  Indeed, the totality of the discussion of these profoundly mitigating factors by the court was a comment in passing that:

> I will not go into all of the matters set forth in the submission made by the defense. I think the short version of it is that this gentleman had a very troubled childhood and I would not wish that on anyone.

J.A. 203.  Moreover, not only did defense counsel provide this information directly to the court below, it was also provided to the Presentence Report writer, and included in the report.  J.A. 19 *et seq.*.

The sentence was far greater than necessary to achieve the goals of sentencing.  Indeed, while acknowledging that there is no rule codifying this, it has always been the practice of the United States Attorney's Office in the District of Maryland not to file an 851 notice in the case of a defendant that elects to plead in a timely manner.   The undersigned has contacted several seasoned defense attorneys, and none recall this unwritten rule being broken.  It is surely instructive

13

in this case that Appellant received a sentence in excess of what the statutory maximum would have been, had not the Government filed an 851 notice, notwithstanding Appellant's timely acceptance of responsibility.  The Bureau of Prisons website currently shows Mr. Morales as being released in the year 2047 - - some 34 years from now.  Given that Mr. Morales is, at the time of writing, 38 years old, the instant sentence amounts to close to a life sentence.  This is so far beyond what is reasonable for 3 tablespoons of heroin.

For these reasons alone this Court should remand for a new sentencing.

## II.  MR. MORALES'S SENTENCE IS PROCEDURALLY UNREASONABLE BECAUSE THE DISTRICT COURT FAILED TO ADDRESS SPECIFIC SENTENCING FACTORS RAISED BY DEFENSE COUNSEL UNDER 18 U.S.C. § 3553(A) AND FAILED TO OTHERWISE EXPLAIN HOW THE SENTENCE COMPLIED WITH § 3553(A).

### A.    STANDARD OF REVIEW

After *United States v. Booker*, 543 U.S. 220 (2005), this Court now reviews a sentence imposed upon a federal criminal defendant for "reasonableness."  Id. at 261.    Reasonableness  review  involves  both  procedural  and  substantive components.  *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006).  "A sentence may be procedurally unreasonable . . . if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." Id. at 434.

## B.   THE DISTRICT COURT FAILED TO ADDRESS SPECIFIC § 3553(a) FACTORS ARTICULATED BY DEFENSE COUNSEL.

Mr. Morales's sentence is procedurally unreasonable because the district court failed to address the specific 18 U.S.C. § 3553(a) factors raised by defense counsel in support a variance from the Guidelines.  Supreme Court precedent, as well as this Circuit's precedent, command this result.

In *Rita v. United States*, 127 S. Ct. 2456 (2007), the Supreme Court held that where a party presents nonfrivolous reasons for imposing a sentence different from that recommended by the Guidelines, the district court must explain why it has rejected those arguments.  Id. at 2468.  In particular, "the sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  Id.  The Court explained,

> By articulating reasons [for rejecting the parties' arguments], even if brief, the sentencing judge not only assures reviewing courts (and the public) that the sentencing process is a reasoned process but also helps that process evolve.  The sentencing judge has access to, and greater familiarity with, the individual cases and the individual defendant before him than the Commission or the appeals court.  That being so, his reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors, can provide relevant information to both the court of appeals and ultimately the Sentencing Commission.  The reasoned responses of these latter institutions to the sentencing judge's explanation should help the Guidelines constructively evolve over time, as both Congress and the Commission foresaw.

Id. at 2469.

Consistent with *Rita,* in *United States v. Montes-Pineda*, 445 F.3d 375, 380

(4th Cir. 2006), this Circuit held that "[d]istrict courts are obligated to explain their sentences whether those sentences are within or beyond the Guidelines range." Although a court "need not robotically tick through § 3553(a)'s every subsection . . . a district court's explanation must be elaborate enough to allow 'an appellate court to effectively review the reasonableness of the sentence.' " *Montes-Pineda*, 445 F.3d at 380 (citing *United States v. Williams*, 432 F.3d 621, 622 (6th Cir. 2005)). Specifically, a sentencing court's explanation must indicate "(1) that the court considered the § 3553(a) factors with respect to the particular defendant, and (2) that it has also considered the potentially meritorious arguments raised by both parties about sentencing." *Montes-Pineda*, 445 F.3d at 380 (citing *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005) and *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)). <u>Accord</u> *United States v. Raphel Smith*, 2013 WL 5509629 (4th Cir. 10/7/13).

With respect to the second factor, this Circuit specifically adopted the holding of the Seventh Circuit in *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005). In *Cunningham*, the Seventh Circuit held that a sentence was procedurally unreasonable where the district court "passed over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion." <u>Id.</u> at 679. <u>See also</u> *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1117 (10th Cir. 2006) (remanding case for re-sentencing because the district court failed to address defendant's § 3553(a) arguments);

16

*United States v. Hall*, 473 F.2d 1295, 1314 (10th Cir. 2007) (holding the same);

Accord *United States v. Rivera*, 439 F.3d 446, 448 (8th Cir. 2006) (holding that a district court's brief comment that the sentence was imposed "under the circumstances that have been placed here in the record" did not adequately take into account defense counsel's arguments); *United States v. Carty*, 453 F.3d 1214, 1221 (9th Cir. 2006) (holding that a district court's summary comment that it had considered the defense counsel's arguments not sufficient because the court did not comment substantively on the arguments). At most, what we have in the instant case is a summary comment that the trial court considered defense counsel's comments.

Also, merely because a district court's sentence falls within the advisory Guidelines does not relieve the court of its burden to consider a defendant's argument under § 3553 for a lower sentence. The Supreme Court, this Circuit, and other federal courts that have addressed the issue have come to this exact conclusion. See *Rita*, 127 S. Ct. at 2468-69 (where a defendant contests a sentence that falls within an advisory Guidelines range, the district court must provide reasons for rejecting defendant's arguments); *Montes-Pineda*, 445 F.3d at 380 ("district courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range") (emphasis added); *Sanchez-Juarez*, 446 F.3d at 1117 ("we do not believe that our recognition of a procedural requirement that a district court must state reasons for its rejection of a party's

17

nonfrivolous [arguments] is incompatible with the presumption that a sentence is reasonable in a substantive sense").

In light of this precedent, Mr. Morales's sentence was procedurally unreasonable. While admittedly the court engaged in a lengthy exegesis as to its reasons for sentencing Appellant as it did, it wholly ignored on the one hand the mitigation arguments introduced by defense counsel, while fastening on to those made by the Government.

Mr. Morales' troubled upbringing, mental health issues, head injuries: all were nonfrivolous argument that the district court was obligated to address under *Rita* and *Montes-Pineda* and, as such, the district court's sentence was unreasonable because it failed to address Mr. Morales's personal history and characteristics under § 3553(a) - factors not covered by the Guidelines.

The district court's silence on defense counsel's arguments left a devoid record that now prevents this Court from exercising meaningful appellate review. Thus, under the dictates of *Rita* and *Montes-Pineda*, Mr. Morales's sentence is procedurally unreasonable and must be reversed.

## CONCLUSION

For the reasons set out above, Appellant respectfully requests that this Honorable Court reverse the conviction in this matter and remand for resentencing. Appellant requests oral argument.

## REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument on the matters presented in this appeal.


Respectfully submitted,

*/s/ Gary E. Proctor*
Gary E. Proctor
LAW OFFICES OF GARY E. PROCTOR,
8 East Mulberry Street
Baltimore, Maryland 22622
(410) 444-1500 Telephone
Gary_proctor@verizon.net

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared using a proportionally spaced font:

   Microsoft Word 2010, Times New Roman, 13 point.

2. EXCLUSIVE of the table of contents; table of citations; statement with respect to oral argument; and any addendum containing statutes, rule or regulations and the certificate of service the reply brief contains:

   4,446 Words.

   I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the Brief and/or a copy of the word or line print-out.

October 28, 2013

*/s/Gary E. Proctor*

GARY E. PROCTOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of October, 2013, the required copies of the foregoing Opening Brief of Appellant were filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to counsel of record as follows:

Sandra Wilkinson
Assistant United States Attorney
Office of the United States Attorney
U.S. Courthouse
36 S. Charles Street
Baltimore, MD 21201
sandra.wilkinson@usdoj.gov


*/s/Gary E. Proctor*
GARY E. PROCTOR

21